# EXHIBIT "A"

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF Charleston | ) | |
| Mins Fulty | ) | CIVIL ACTION COVERSHEET |
| Plaintiff(s) | ) | 2018-CP-10-594 |
| vs. | ) | |
| Finey Patois Well, ck | ) | |
| Bi-Lo LL | ) | |
| Defendant(s) | ) | |

Submitted By: Austh 3 Real St pla  
Address: 167  
SC Bar #: 15506  
Telephone #: 561-603-6357  
Fax #: _____  
Other: _____  
E-mail: LsObacd Ci@mail.com

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

### DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ **JURY TRIAL** demanded in complaint.   ☒ **NON-JURY TRIAL** demanded in complaint.  
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☒ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.  
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | | ☐ Personal Injury (350) | ☐ Partition (440) |
| | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | ☐ Other (499) _____ |
| ☐ Employment (180) | | ☐ Other (399) _____ | |
| ☒ Other (199) ___ Ach ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _____   **Date:** 2/3/18

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (02/2018)                                                                 Page 1 of 2

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | 9TH JUDICIAL CIRCUIT |
| | ) | 2018-CP-10-894 |
| MARK FULTZ | ) | |
| | ) | |
| Plaintiff, | ) | FILE NO. |
| vs. | ) | |
| | ) | |
| FINCHER, PATRICK, WEIR, LLC | ) | **SUMMONS** |
| BI-LO, LLC | ) | |
| Defendant(s). | ) | |

TO THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina

S/Anthony Brady

Dated: February 2, 2018.

Plaintiff/Attorney for Plaintiff

Address:   Anthony J. Brady Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
561-603-8387
Email: Ladbrady@gmail.om
Attorney ID. 15506

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) <br> ) | THE COURT OF COMMON PLEAS |
| | ) | 9TH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | 2018-CP-10-594 |
| MARK FULTZ | ) <br> ) | CASE NO. |
| Plaintiff, <br> vs. | ) <br> ) <br> ) | Civil Action |
| FINCHER, PATRICK, WEIR, LLC <br> BI-LO, LLC | ) <br> ) | COMPLAINT |
| . Defendant(s). | ) | |

Plaintiff, Mark Fultz residing at Apt. 106, NW Avenue, Margate, Florida.

by way of complaint against the Defendant states:

1. This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and the Plaintiff has alleged a violation of federal law Title III of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. Plaintiffs' claim is greater than $15,000.00 and venue is proper in Charleston County because the cause of action arose in Charleston County and that Defendant resides in Charleston County.

**PARTIES**

2. Plaintiff, Mark Fultz resides at Apt 106, 231 NW. 76 Avenue, Margate, Florida. He is a disabled man because of a stroke. As a result he cannot walk without a cane or a wheelchair. Fultz qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3. The defendants own, lease, leases to, or operates a place of public accommodation as defined by the ADA .The Defendants' that are the subject of this suit is a mall commonly known as Quadrangle Shopping Center whose corporate owner is FINCHER, PATRICK, WEIR, LLC

and a super market called  Bi – Lo whose corporate owner is BI-LO, LLC

Both are located at 630 Skylark Drive, Charleston, South Carolina.

## STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of being a quadriplegic, for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws.  First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society.  Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity."  136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America.  As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country.  Certainly,…the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues."  Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation.  As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid.  It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers.

35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT

4.   Plaintiff is a frequent traveler to Charleston, South Carolina because his family resides in the area.

5.   On November 16, 2017 Fultz was a quest at Defendant FINCHER, PATRICK, WEIR, LLC

6.   His ability to use the services of the mall was impaired because of lack of proper access

to him and the disabled as a whole.

7. Specially, the parking does not provide proper parking nor accessible routes for the disabled spaces. In that Fultz is a wheelchair user it is more difficult for him to travel from point A to B, therefore he has been discriminated against under the ADA.

8. The above violations are violations of the federal ADA Title III.

9. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

10. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. He will also return as a tester.

11. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

12. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Fultz seeks:

    a) Injunctive relief under the ADA.

    b) Attorney fees and costs of suit under the ADA.

## SECOND COUNT

13. Plaintiff repeats the allegations of the First Count.

14. Plaintiff was also a patron of the Super Market Bi-Lo on the same date.

15. His ability to use same was impaired for the lack of an accessible bathroom by said defendant.

16. Said lack of an accessible bathroom is a violation of Title III of the Americans With Disabilities Act. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

17. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA.

He will also return as a tester.

18. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

19. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Fultz seeks:

    b) Injunctive relief under the ADA.

    b) Attorney fees and costs of suit under the ADA.

Date: February 2, 2018.    By:  s/Anthony J. Brady, Jr
ANTHONY J. BRADY, JR, ESQUIRE
South Carolina Bar No.15506
Law Office of Anthony Brady, Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
Email: ladbrady@gmail.com
5616036387