**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**Civil Action No.: 2:18-cv-00735-DCN**

| | | |
|---|---|---|
| MARK FULTZ, | ) | **MEMORANDUM IN SUPPORT OF THE** |
| | ) | **MOTION OF DEFEDANT, FINCHER,** |
| Plaintiff, | ) | **PATRICK, WEIR, LLC, TO DISMISS** |
| | ) | **PURSUANT TO FED.R.CIV.P. 12(b)(6) FOR** |
| v. | ) | **FAILURE TO STATE A CLAIM UPON** |
| | ) | **WHICH RELIEF CAN BE GRANTED AND** |
| FINCHER, PATRICK, WEIR, LLC, | ) | **TO DISMISS PURSUANT TO FED.R.CIV.P.** |
| AND BI-LO, LLC, | ) | **12(b)(1) FOR LACK OF SUBJECT MATTER** |
| | ) | **JURISDICTION** |
| Defendants. | ) | |
| | ) | |

**TO:    ANTHONY J BRADY, ESQ., ATTORNEY FOR PLAINTIFF, MARK FULTZ, AND TO PLAINTIFF, MARK FULTZ.**

## BACKGROUND

This is an action for an alleged violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., (hereinafter referred to as the "ADA") arising out of a claim by Plaintiff, Mark Fultz (hereinafter referred to as "Fultz"), that a parking lot owned and maintained by Defendant, Fincher, Patrick, Weir, LLC (hereinafter collectively referred to as "Fincher"), fails, in certain respects, to comply with the ADA.  Fultz initiated this action by filing a Complaint with the Clerk of the Charleston County Court of Common Pleas on February 6, 2018[1].

Defendant, Bi-Lo removed this case to this Court on March 16, 2018[2].  Bi-Lo was subsequently dismiss from this action on March 20, 2018[3], leaving Fincher as the only defendant.

---

[1]    The Charleston County Clerk of Court assigned the case docket number 2018-CP-10-00594.

[2]    Dkt.# 1.

[3]    Dkt.# 4.

Fincher, filed its answer concurrent with the filing of this Motion to Dismiss denying the material

allegations of the Complaint and raising affirmative defenses not material to the issues at hand.

 This matter is now before this Court on Fincher's motion to dismiss this action as to him

made pursuant to FED.R.CIV.P. 12(b)(6) for failure to state claim upon which relief can be granted

and pursuant to FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction.  For the reasons set

forth hereinbelow, Fincher's motion to dismiss this action as to him must be granted.

**STANDARD FOR GRANTING A MITION TO
DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

 A FED.R.CIV.P. 12(b)(6) motion tests the legal sufficiency of a complaint. *Papasan v.*

*Allain*, 478 U.S. 265, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). When acting on a motion to dismiss

under FED.R.CIV.P. 12(b)(6), "the court should accept as true all well-pleaded allegations and

should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*,

7 F.3d 1130, 1134 (4th Cir. 1993). Nevertheless, the court need not accept the plaintiff's legal

conclusions regarding the facts. *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 554 (4th

Cir. 2013).

 To survive a FED.R.CIV.P. 12(b)(6) motion to dismiss, the plaintiff's "[f]actual allegations

must be enough to raise a right to relief above the speculative level," thereby "nudg[ing] [its]

claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708

F.3d 527, 543 (4th Cir. 2013)(internal quotation marks and alterations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
> 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do. Factual allegations must
> be enough to raise a right to relief above the speculative level.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 – 1966, 167 L.Ed.2d 929,

____ (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a ʹshort and plain statement of the claim showing that the pleader is entitled to relief.ʹ. . . [T]he pleading standard Rule 8 announces does not require ʹdetailed factual allegations,ʹ but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers ʹlabels and conclusionsʹ or ʹa formulaic recitation of the elements of a cause of action will not do.ʹ  Nor does a complaint suffice if it tenders ʹnaked assertion[s]ʹ devoid of ʹfurther factual enhancement.ʹ

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ʹstate a claim to relief that is plausible on its face.ʹ  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a ʹprobability requirement,ʹ but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are ʹmerely consistent withʹ a defendant's liability, it ʹstops short of the line between possibility and plausibility of ʹentitlement to relief.ʹʹ  Mere recitals of the elements of a cause of action supported by conclusory statements do not suffice.

. . . First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not ʹshow[n]ʹ—ʹthat the pleader is entitled to relief.ʹ

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 – 679, 129 S.Ct. 1937, 1949 – 1950, 173 L.Ed.2d 868, ___

(2009)(internal citations omitted).  A motion to dismiss must be granted if the complaint fails to

allege sufficient facts to state a claim for relief which is facially plausible. *See Bell Atl. Corp. v. Twombly*, *supra*.

## STANDARD FOR GRANTING A MITION TO
## DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1)

When considering a motion to dismiss for lack of subject matter jurisdiction made pursuant to Rule 12(b)(1), the Court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768–69 (4th Cir.1991) (citations omitted); *accord Kerns v. United States*, 585 F.3d 187, 192 (4th Cir.2009). Similar to a motion for summary judgment, the non-moving party must set forth specific facts beyond the pleadings to show that a genuine issue of fact exists. *Id.* Thus a Rule 12(b)(1) motion must be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.,* 166 F.3d 642, 647–50 (4th Cir.1999).

## FACTS[4]

Fincher is the owner of the Quadrangle Shopping Center located at 630 Skylark Drive in Charleston, South Carolina (hereinafter referred to as "Quadrangle"). Bi-Lo is a tenant which operates a grocery store in Quadrangle[5]. Fincher, as owner of Quadrangle, and Bi-Lo are subject

---

[4]     The facts recited herein are takin from the Complaint and the Complaint alone, as they must be for purposes of a motion to dismiss made pursuant to FED.R.CIV.P. 12(b)(6), they are only considered evidence for purposes of the Rule 12(b)(1) determination. The recitation of the facts herein does not constitute agreement with, affirmation of or endorsement of the same by Fincher, but rather is required for purposes of this motion. Fincher stands by all admissions, denials, explanations and modifications set forth in its Answer of even date herewith.

[5]     Bi-Lo has recently filed bankruptcy. It is not clear what effect the bankruptcy has had or will have on Bi-Lo's operations in Quadrangle.

to the provisions of the ADA, in that they own, lease, leases to, or operates a place of public accommodation under the ADA.

Fultz is a citizen and resident of Broward County, Florida. Fultz is disabled due to a stroke and as a consequence cannot walk without use of cane or a wheelchair. Fultz qualifies as an individual with disabilities under the ADA. Fultz is a "frequent traveler" to the Charleston, South Carolina, area because he has family living in the area[6].

On November 16, 2017, went to Quadrangle but his ability to access the businesses in Quadrangle was impaired because of lack of proper access due to his disability[7]. Specifically, Fultz claims there is not proper parking or accessible routes for the disabled spaces which makes it more difficult for him as a wheelchair user to travel from point A to point B, and, has, thus, been discriminated against under the ADA. Fultz intends to be a frequent patron of Quadrangle and Bi-Lo[8] once they comply with the ADA and plans to return as a Tester.

## ANALYSIS

Notwithstanding his having relatives in the area who he frequently visits, Fultz, as a citizen and resident of Broward County, Florida, lacks standing to bring this action for alleged ADA violations in Charleston County, South Carolina. Accordingly, this matter must be dismissed.

As explained by Judge Whitney of the United States District Court for the Western District of North Carolina:

> Article III of the Constitution restricts the federal courts to hear only actual cases and controversies. 'Among the several doctrines that have grown up to elaborate [this] requirement, the one that requires a litigant to have 'standing' to invoke the

---

[6]     The Complaint does not specify who the family members are or the nature of the relationship.

[7]     The Complaint does not state why Fultz was at Quadrangle, what he was doing there or which business or businesses he was planning to patronize while he was there.

[8]     Fultz fails to enlighten one reading the Complaint as to how frequently he intends to patronize Quadrangle or the Bi-Lo store in Quadrangle once the alleged ADA violations are rectified. Further, it is not clear whether the Bi-Lo store in Quadrangle will remain open. *See* footnote 5, *supra*.

power of a federal court is perhaps the most important.' The question before the Court is whether Plaintiff 'has a sufficient personal stake in the outcome of [the] dispute to render judicial resolution of it appropriate in a society that takes seriously both 'the idea of separation of powers' and, more fundamentally, the system of democratic self-government that such separation serves.' As with other jurisdictional requirements, Plaintiff bears the burden of establishing he has standing to bring suit.

In order to demonstrate standing . . . Plaintiff must satisfy the 'irreducible constitutional minimum' that (1) he has suffered an injury in fact, that is, 'an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;' (2) the injury is fairly traceable to the defendant's actions; and (3) it is likely, and not merely speculative, that the injury will be redressed by a favorable decision.

Equitable remedies are only available upon a showing that a plaintiff has suffered irreparable injury, 'a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.' Absent a claim of future injury, a plaintiff lacks standing to bring a claim for injunctive relief. To hold otherwise would violate the prudential standing limitation prohibiting citizens from suing to enjoin generally unconstitutional conduct. Furthermore, the allegation that a plaintiff will suffer a future injury at the hands of a defendant must be non-speculative and must evince more specificity than the future harm will occur 'some day.'

Courts have applied this requirement with equal force to plaintiffs seeking injunctions under the ADA, the only remedy available for private enforcement actions brought under Title III. 'In ADA cases, ... a plaintiff does not have standing to obtain injunctive relief if he cannot demonstrate a likelihood that he will suffer future discrimination at the hands of the defendant.' In order to demonstrate a likely future harm, Plaintiff must demonstrate an intention to return to the Park Road Shopping Center. In assessing the credibility of a plaintiff's intention to return, courts consider a number of factors, including: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definiteness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel.

*Norkunas v. Park Road Shopping Center, Inc.*, 777 F.Supp.2d 998 (W.D.N.C. 2011) (*quoting*

*Friends of Ferrell Parkway, LLC v. Stasko,* 282 F.3d 315, 319 (4th Cir.2002), *City of Los Angeles*

*v. Lyons,* 461 U.S. 95, 111, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) and *Gregory v. Otac, Inc.*, 247

F.Supp.2d 764, 770 (D. Md. 2003)).

Applying the four-part test for assessing the credibility of a plaintiff's intention to return, it is apparent that Fultz lacks standing to maintain this action.

Fultz lives in South Florida, more than five hundred miles from Quadrangle. It appears from the Complaint that he has only been to Quadrangle once: November 16, 2017. Fultz does not claim to have patronized any of the businesses in Quadrangle other than Bi-Lo while there on November 16, 2017[9]. Fultz has apparently not patronized Quadrangle before or since. Fultz does not state which of the businesses in Quadrangle he plans to patronize in the future should the alleged ADA violations be rectified; Bi-Lo may not be an option[10]. Though Fultz claims to be a "frequent traveler" to the Charleston, South Carolina, area, he does not elaborate on what "frequent" means: once a week, once a month, every other month, once a year, less than once a year, etc, Fultz does not identify which members of his family live in the Charleston area – i.e., child, parent, sibling, aunt, uncle, cousin – or where in the Charleston areas his family member or member lives/live. Fultz claims he will be a "frequent" patron of Quadrangle and Bi-Lo if the alleged ADA violations are resolved – which seems unlikely given that he lives in South Florida – without giving any explanation as to how frequently he will patronize either. Fultz has clearly failed to meet his burden of establishing an intention to return to Quadrangle. Accordingly, Fultz has failed to meet his burden of establishing that he has standing to maintain this action.

## CONCLUSION

As the Complaint fails to state to state claim upon which relief can be granted and as Plaintiff, Mark Fultz, has failed to meet his burden of establishing that this court has subject matter jurisdiction over this matter, this case must be dismissed.

---

[9]     Fultz does not explain how he managed to get himself into the Bi-Lo given the alleged ADA violations in the parking area.

[10]     *See* footnote 8, *supra*.

Respectfully Submitted,

**PRITCHARD LAW GROUP, LLC**

_/s/ Edward K. Pritchard, III_
Edward K. Pritchard, III, Esq.
Fed. ID No. 4790
129 Broad Street (29401)
Post Office Box 630
Charleston, South Carolina 29402
Phone: (843) 722-3300
Fax: (843) 722-3379
epritchard@pritchardlawgroup.com
_Attorneys for Defendant, Fincher,_
_Patrick, Weir, LLC_

March 21, 2018
Charleston, South Carolina

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the *Memorandum in Support of the Motion of Defendant, Fincher, Patrick, Weir, LLC, to Dismiss Pursuant to FED.R.CIV.P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted and to Dismiss Pursuant to FED.R.CIV.P. 12(b)(1) for Lack of Subject Matter Jurisdiction* to was filed electronically as listed and/or to those required by U.S. Mail, First Class, Postage Paid, to all known counsel of record, as follows:

Anthony J. Brady Jr., Esq.
Federal Id No.: 15506
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
Ladbrady@gmail.com
***Attorney for Plaintiff, Mark Fultz***

-AND-

Christy Ford Allen, Esq.
Federal Id No.: 07549
WILLS MASSALON & ALLEN, LLC
97 Broad Street (29401)
Post Office Box 859
Charleston, South Carolina 29402
callen@wmalawfirm.net
***Attorneys for Defendant, Bi-Lo***

**PRITCHARD LAW GROUP, LLC**

*/s/ Edward K. Pritchard, III*
Edward K. Pritchard, III, Esq.
Fed. ID No. 4790
129 Broad Street (29401)
Post Office Box 630
Charleston, South Carolina 29402
Phone: (843) 722-3300
Fax: (843) 722-3379
epritchard@pritchardlawgroup.com
***Attorneys for Defendant, Fincher, Patrick, Weir, LLC***

March 21, 2018
Charleston, South Carolina